WILLIAM R. MARSHALL, ET AL., Plaintiffs in Error, vs. D. A. J. BAKER, ET AL., Defendants in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Where the statute regulates the manner of service of notice of protest, its provisions must be strictly complied with, in order to charge the endorser, where it is shown that the notice was not received within the time limited by law in cases of personal service. The statute is mandatory, and not merely directory. If the notice is properly sent, the service is good, whether received by the endorser or not.

Action upon a promissory note against Defendant Baker, as endorser, who answered putting in issue the facts of a due presentment for payment, and protest of the note in suit. Also, denying that due notice of presentment, non-payment and protest was given him. The cause was tried by the Court, and the facts found appear in the opinion. Judgment in favor of the Defendant Baker.

The following are the points and [authorities relied on by Counsel for the Plaintiffs in Error:

*First.*—The facts found by the Court below show that the notice of protest given the Defendant below, (Baker,) was sufficient to charge him as an endorser of the note sued upon. The Court below erred therefore in the judgment it rendered, which should have been for Plaintiff. *See Paper Book, folio 5 to 9 inclusive*—"If the party (sought to be charged as an endorser) is accustomed to receive his letters sometimes from the Post Office in his own town, and sometimes from that in a neighboring town, the letter sent to either will be good notice." *Vide Story on Promissory Notes, Sec.* 343, *p.* 432, 435 *note ; Story on Promissory Notes, Sec.* 328, *p.* 408; 3 *Kent's Com., p.* 138, *note a, and cases cited in note ; Reid vs. Payne,* 16 *John.* 218 ; *Hunt vs. Fish,* 4 *Barb.* 324 ; *Bank of U. S. vs. Comeal,* 2 *Peters* 543 ; *Bank of Columbus vs. Lawrence,* 1 *Peters' Sup. Court Rep.* 518 ; *Pierre Chouteau, Jr., vs. Daniel Webster,* 6 *Metcalf* 1; *Bank of Utica vs. Smith,*

---

Marshall et al. *v.* Baker et al.

---

18 *Johns.* 229 ; *Montgomery County Bank v. Marsh*, 3 *Selden* 481 ; *Downer vs. Remer*, 21 *Wend.* 11.

[The points and authorities of Counsel for Defendant in Error are not on file.]

SPENCER & GREEN, Counsel for Plaintiff in Error.

SMITH & GILMAN, Counsel for Defendant in Error.

*By the Court*—ATWATER, J. The Defendant Baker was sued in the District Court of the Second Judicial District, as endorser of a promissory note owned by the Plaintiffs in Error. The only defence set up was failure of due notice of protest. The cause was tried by the Court, and the facts in regard to the protest of the note, as reported in the finding of the Judge who tried the issue were as follows, viz : That at the maturity of the note, the same was presented for payment, but payment was refused ; that the Notary served notice of protest on Baker, one of the endorsers, by depositing the same in the Post Office in St. Paul, properly enveloped and directed to him at said St. Paul ; that said notice was so deposited August 4th, 1857 ; that said Baker at said time resided some four or five miles from St. Paul, on the road leading to St. Anthony ; that a Post Office had been established near his residence called Roseville Post Office, a few months before said note was protested, at which office said Baker was in the habit of calling daily for his mail matter ; that there was a daily mail between St. Paul and Roseville ; that said Baker rented a box at the Post Office in St. Paul, and used to call often for letters and papers, and that he directed the Post Master at St. Paul to retain all mail matter that came to his office directed to said Baker at such office, and put the same into his box ; that the Post Master did so, and used frequently to deliver such mail matter to said Baker at St. Paul.

There were some further statements as to the frequency of the visits of Baker to St. Paul ; that he resided there before the establishment of the Roseville Post Office, and that the Notary was directed by the Plaintiffs to serve the notice of

protest on the Defendant Baker through the Post Office, at St. Paul. It was further stated in the finding of the Court, that Baker received said notice, but that he did not receive it within the time limited by law in cases of personal service.

The Court held upon these facts, that the service of notice of protest upon the Defendant Baker was insufficient, and gave judgment in his favor. The Plaintiffs then brought the cause to this Court by Writ of Error.

We think the Court below held correctly in regard to the service of notice of protest. The statute in force on the subject of protest, at the time of the protest of this note, is found in *Section 5 of Chap. 5 of Session Laws of* 1856, which provides, that "it should (shall) be the duty of every Notary Public to serve the notice of protest upon the person or persons protested against, personally, or by depositing the same in the Post Office, properly enveloped and directed to each of them, at the Post Office nearest the reputed place of residence of such person or persons, or by leaving a copy of such notice at the usual place of residence of such person or persons, with some person of suitable age and discretion to deliver the same."

Where the statute regulates the manner of service of notice of protest, its provisions must be strictly complied with, in order to charge the endorser, where it is shown that the notice was not received within the time limited by law in cases of personal service. In the absence of any statute, it is somewhat questionable whether the service could have been held good, under the facts disclosed. The authorities are somewhat conflicting on the subject. In *Downer vs. Remer*, 21 *Wend.* 11, it was held, that where notice is sent by mail, it should be directed to a Post Office in the town where the drawer or endorsor resides, or to some other Post Office where he usually receives his letters. In that case there were three offices in the town where the endorser lived, and the notice was sent to the one most distant from the residence of the endorser, and to which he did not resort. But it was held in that case, that the notice would have been sufficient, if, after diligent inquiry, it had been directed according to the best

information that could be obtained. In the case at bar, the Post Office most frequented by Baker would seem to have been the one at Roseville. This was the one nearest his residence, and at which he called daily for his mail. In this case it does not appear that the Notary was misled by any statements that St. Paul was the office where the Defendant usually received his letters, nor that he made any inquiries on the subject, further than to ask the Plaintiffs where the notice should be sent. Without a statute, it is questionable whether the authorities would sustain a service of this kind. But it is unnecessary to discuss the question, as in this case our statute must control. Here, the notice must be sent to the office "nearest the reputed place of residence of such person," &c. Had it been so sent, the service would have been good, whether the Defendant received it or not. The statute must be considered mandatory, rather than directory, as claimed by the Counsel for the Plaintiffs in Error. And it not having been complied with, and it being further shown that the Defendant did not in fact receive notice of protest, as in case of personal service, the judgment of the Court below must be affirmed.